UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:09cv387

U.S. COMMODITY FUTURES )
TRADING COMMISSION, )
        Plaintiff, )
)
v. ) **ORDER**
)
CAPITALSTREET FINANCIAL, LLC & )
SEAN F. MESCALL, )
        Defendants, and )
)
GERALD T. MESCALL & )
GAINCAPITAL, INC., )
        Relief Defendants. )
)

FILED
CHARLOTTE, NC

SEP 9 2009

U.S. DISTRICT COURT
WESTERN DISTRICT OF NC

**THIS MATTER** is before the Court on plaintiff Commodity Futures Trading Commission's ("Commission") Motion for an Ex Parte Statutory Restraining Order, Appointment of Receiver, an Accounting, Expedited Discovery, and an Order to Show Cause Regarding Preliminary Injunction and Other Equitable Relief (the "Motion"). The Court, having considered the Motion, the memorandum in support thereof, and all other evidence presented by plaintiff, and having heard the arguments of counsel, finds that:

1.      This Court has jurisdiction over the parties and over the subject matter of this action pursuant to Section 6c of the Commodity Exchange Act (Act), 7 U.S.C. § 13a-1 (2006), and Section 2(c)(2) of the Act, as amended by the Food, Conservation, and Energy Act of 2008, Pub. L. No. 110-246, Title XIII (the CFTC Reauthorization Act (CRA), §§ 13101-13204, 122 Stat. 1651 (enacted June 18, 2008), to be codified at 7 U.S.C. § 2(c)(2).

1

2. Venue lies properly within this District pursuant to Section 6c(e) of the Act, 7 U.S.C. § 13a-1(e).

3. There is good cause to believe that defendants CapitalStreet Financial LLC ("CSF") and Sean F. Mescall ("S. Mescall") (collectively "Defendants") have engaged, are engaging, and are about to engage in acts and practices constituting violations of the Act, as amended, to be codified at 7 U.S.C. §§ 1, *et seq.*

4. There is good cause to believe that Relief Defendants Gerald T. Mescall ("G. Mescall") and Gaincapital, Inc. ("Gain") (collectively "Relief Defendants") have received, are receiving, and are about to receive funds, assets or property as a result of Defendants' violative acts and have been unjustly enriched thereby. The Relief Defendants do not have any legitimate interest or entitlement to those funds, assets or property received as a result of Defendants' unlawful conduct.

5. There is good cause to believe that immediate and irreparable damage to the Court's ability to grant effective final relief for customers in the form of monetary redress will occur from the sale, transfer, assignment, or other disposition by Defendants and Relief Defendants of assets or records unless Defendants and Relief Defendants are immediately restrained and enjoined by Order of the Court.

6. Good cause exists for the freezing of assets owned, controlled, managed, or held by, on behalf of, or for the benefit of Defendants and Relief Defendants and for entry of an order prohibiting Defendants and Relief Defendants, their agents, servants, employees, assigns, attorneys, and persons in active concert or participation with Defendants and Relief Defendants, including any successor thereof, from destroying records.

7. Good cause exists for the plaintiff to conduct limited expedited discovery in order to locate Defendants and other customers, identify customers' funds and other of Defendants' Assets, and clarify the source of various funds.

8. Weighing the equities and considering the Commission's likelihood of success in its claims for relief, the issuance of a statutory restraining order is in the public interest.

## DEFINITIONS

For purposes of this Order, the following definitions apply:

9. The term "document" is synonymous in meaning and equal in scope to the usage of the term in Federal Rule of Civil Procedure (FRCP) 34(a), and includes, but is not limited to, writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, and other data compilations from which information can be obtained and translated, if necessary, through detection devices into reasonably usable form. A draft or non-identical copy is a separate document within the meaning of the term.

10. "Assets" mean any legal or equitable interest in, right to, or claim to, any real or personal property, whether individually or jointly, direct or indirect control, and wherever located, including, but not limited to: chattels, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, mail or other deliveries, inventory, checks, notes, accounts (including, but not limited to, bank accounts and accounts at financial institutions), credits, receivables, lines of credit, contracts including spot and futures or options contracts, insurance policies, and all cash, wherever located.

11. "Defendants" shall mean and refer to CSF and S. Mescall and also to any d/b/a, successor, affiliate, subsidiary or other entity owned, controlled, managed or held by, on behalf of, or for the benefit of CSF and/or S. Mescall.

3

12. "Relief Defendants" shall mean and refer to G. Mescall and Gain and also to any d/b/a, successor, affiliate, subsidiary or other entity owned, controlled, managed or held by, on behalf of, or for the benefit of Gain or G. Mescall.

## RELIEF GRANTED

### I. Order Against Transfer, Dissipation, and Disposal of Assets

**IT IS HEREBY ORDERED** that:

13. Defendants, Relief Defendants, and their agents, servants, employees, assigns, attorneys, and persons in active concert or participation with them, including any successor thereof, and persons in active concert or participation with them, who receive actual notice of this Order by personal service or otherwise, are immediately restrained and enjoined from directly or indirectly transferring, selling, alienating, liquidating, encumbering, pledging, leasing, loaning, assigning, concealing, dissipating, converting, withdrawing, or otherwise disposing of any of Defendants' Assets or Relief Defendants' Assets, wherever located, including Defendants' Assets and Relief Defendants' Assets held outside the United States, except as provided in Section II of this Order, or as otherwise ordered by the Court. The Assets affected by this paragraph shall include both existing Assets and Assets acquired after the effective date of this Order.

14. Defendants and Relief Defendants are restrained and enjoined from directly or indirectly opening or causing to be opened any safe deposit boxes titled in the name of, or subject to, access by Defendants or Relief Defendants.

### II. Directives to Financial Institutions and Others

**IT IS FURTHER ORDERED**, pending further Order of this Court, that any financial or brokerage institution, business entity, or person that holds or has held, controls or has controlled,

or maintains or has maintained custody of any of Defendants' Assets or Relief Defendants' Assets at any time since January 1, 2006, shall:

15. Prohibit Defendants, Relief Defendants, and all other persons from withdrawing, removing, assigning, transferring, pledging, encumbering, disbursing, dissipating, converting, selling, or otherwise disposing of Defendants' Assets or Relief Defendants' Assets, except as directed by further Order of the Court;

16. Deny Defendants, Relief Defendants, and all other persons access to any safe deposit box that is: (a) owned, controlled, managed, or held by, on behalf of, or for the benefit of Defendants or Relief Defendants, either individually or jointly; or (b) otherwise subject to access by Defendants or Relief Defendants;

17. Provide counsel for the Commission, within five (5) business days of receiving a copy of this Order, a statement setting forth: (a) the identification number of each and every account or other asset owned, controlled, managed, or held by, on behalf of, or for the benefit of Defendants or Relief Defendants, either individually or jointly; (b) the balance of each such account, or a description of the nature and value of such asset as of the close of business on the day on which this Order is served, and, if the account or other asset has been closed or removed, the date closed or removed, the total funds removed in order to close the account, and the name of the person or entity to whom such account or other asset was remitted; and (c) the identification of any safe deposit box that is owned controlled, managed, or held by, on behalf of, or for the benefit of Defendants or Relief Defendants, either individually or jointly, or is otherwise subject to access by Defendants or Relief Defendants; and

18. Upon request by the Commission, promptly provide the Commission with copies of all records or other documentation pertaining to such account or asset, including, but not

limited to, originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, all other debit and credit instruments or slips, currency transaction reports, Internal Revenue Service Form 1099s, and safe deposit box logs.

### III. Maintenance of Business Records

**IT IS FURTHER ORDERED** that:

20. Defendants, Relief Defendants, and their agents, servants, employees, assigns, attorneys, and persons in active concert or participation with Defendants or Relief Defendants, including any successor thereof, and all other persons or entities who receive notice of this Order by personal service or otherwise, are immediately restrained and enjoined from directly or indirectly destroying, mutilating, erasing, altering, concealing or disposing of, in any manner, directly or indirectly, any documents that relate to the business practices or business or personal finances of Defendants or Relief Defendants and their subsidiaries or affiliates.

### IV. Expedited Discovery

**IT IS FURTHER ORDERED** that:

20. The Commission may conduct limited expedited discovery, removing the prohibition upon discovery before the early meeting of counsel pursuant to FRCP 26(f), in accordance with FRCP 26(d), and that the Commission may take depositions of Defendants, Relief Defendants, and non-parties subject to two calendar days notice pursuant to FRCP 30(a) and 45, that notice may be given personally, by facsimile or by electronic mail. Further, more than ten depositions may be taken and, if necessary, any deposition may last more than seven hours.

21. The Commission may conduct limited expedited discovery to locate Defendants' other customers, identify customers' funds, and other of Defendants' Assets and Relief Defendants' Assets, and clarify the sources of various funds.

## V. Bond Not Required of Plaintiff

**IT IS FURTHER ORDERED** that:

22. The COMMISSION is an agency of the United States of America and need not post a bond.

## VI. Order to Show Cause

**IT IS FURTHER ORDERED that:**

23. Defendants shall appear before this Court on Wednesday, September 16, 2009, at 10:00 a.m., before the Honorable Robert J. Conrad, Jr., at the United States Courthouse for the Western District of North Carolina to show cause, if there be any, why an Order for Preliminary Injunction should not be granted to prohibit further violations of the Act and why the other relief requested should not be granted pending trial on the merits of this action.

24. Should any party wish to file a memorandum of law or other papers in opposition to Plaintiff's Motion for a Preliminary Injunction, all papers shall be filed on or before close of business Monday, September 14, 2009. Service of all papers shall be by electronic mail, overnight mail, facsimile, or personal service.

## VII. Service

**IT IS FURTHER ORDERED** that:

25. This Order shall be served by any means, including facsimile transmission, upon any entity or person that may have possession, custody, or control of any documents or assets of

Defendants or Relief Defendants, or that may be subject to any provision of the statutory restraining order; and

26. The Summons, Complaint, or other process may be effected by any CFTC representative, any U.S. Marshal or deputy U.S. Marshal, or in accordance with Fed R. Civ. P. 4.

**VIII. Notification of Attorney General**

**IT IS FURTHER ORDERED** that the Commodity Futures Trading Commission shall inform the Attorney General of this suit without delay, in compliance with Section 6c of the Commodity Exchange Act, as codified at 7 U.S.C. § 13a-1(g), and the Clerk of the United States District Court for the Western District of North Carolina is hereby ordered to give notice to the Attorney General by sending a copy of this Order to the United States Attorney's Office for the Western District of North Carolina.

**IV. Force and Effect**

**IT IS FURTHER ORDERED** that this Order shall remain in full force and effect until further order of this Court and that this Court retains jurisdiction of this matter for all purposes.

**IT IS SO ORDERED.**

Signed: September 9, 2009

*/s/ Robert J. Conrad, Jr.*
Robert J. Conrad, Jr.
Chief United States District Judge