UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:09cv387

U.S. COMMODITY FUTURES )
TRADING COMMISSION, )
 )
Plaintiff, )
 )
v. ) **ORDER**
 )
CAPITALSTREET FINANCIAL, LLC & )
SEAN F. MESCALL, )
Defendants, and )
 )
GERALD T. MESCALL & )
GAINCAPITAL, INC. )
Relief Defendants. )

FILED
CHARLOTTE, NC

SEP 16 2009

U.S. DISTRICT COURT
WESTERN DISTRICT OF

**THIS MATTER** came initially before the Court on Plaintiff Commodity Futures Trading Commission's ("Commission") Motion for an Ex Parte Statutory Restraining Order, Appointment of Receiver, An Accounting, Expedited Discovery, and an Order to Show Cause Regarding Preliminary Injunction and Other Equitable Relief (Doc. No. 6). The Court granted in part and denied in part the relief sought and ordered Defendants to show cause why a preliminary injunction should not issue. (Doc. No. 8). The Court also directed consistent with 7 U.S.C. § 13a-1(g) that the Commission notify the Attorney General of the Court's Order. The Commission's counsel has advised that written notification was sent to the Attorney General and that oral notification was given to the United States Attorney's Office for the Western District of North Carolina. While all defendants have been properly served and had ample time to respond, Defendants have filed no opposition papers and did not appear at the preliminary injunction hearing held on September 16, 2009, at 10:00 a.m. Similarly, no motion to intervene has been

1

filed on behalf of the Department of Justice. The Court, having considered the pleadings, exhibits, and memorandum filed in support of the Commission's prayer for injunctive relief, and having considered the arguments from the Commission's counsel, finds that:

1. This Court has jurisdiction over the parties and over the subject matter of this action pursuant to Section 6c of the Commodity Exchange Act (Act), 7 U.S.C. § 13a-1 (2006), and Section 2(c)(2) of the Act, as amended by the Food, Conservation, and Energy Act of 2008, Pub. L. No. 110-246, Title XIII (the CFTC Reauthorization Act (CRA), §§ 13101-13204, 122 Stat. 1651 (enacted June 18, 2008), to be codified at 7 U.S.C. § 2(c)(2).

2. Venue lies properly within this District pursuant to Section 6c(e) of the Act, 7 U.S.C. § 13a-1(e).

3. There is good cause to believe that defendants CapitalStreet Financial LLC ("CSF") and Sean F. Mescall ("S. Mescall") (collectively "Defendants") have engaged, are engaging, and are about to engage in acts and practices constituting violations of the Act, as amended, to be codified at 7 U.S.C. §§ 1, *et seq*.

4. There is good cause to believe that Relief Defendants Gerald T. Mescall ("G. Mescall") and Gaincapital, Inc. ("Gain") (collectively "Relief Defendants") have received, are receiving, and are about to receive funds, assets or property as a result of Defendants' violative acts and have been unjustly enriched thereby. The Relief Defendants do not have any legitimate interest or entitlement to those funds, assets or property received as a result of Defendants' unlawful conduct.

5. There is good cause to believe that immediate and irreparable damage to the Court's ability to grant effective final relief for customers in the form of monetary redress will occur from the sale, transfer, assignment, or other disposition by Defendants and Relief

Defendants of assets or records unless Defendants and Relief Defendants are immediately restrained and enjoined by Order of the Court.

6. Good cause exists for the freezing of assets owned, controlled, managed, or held by, on behalf of, or for the benefit of Defendants and Relief Defendants and for entry of an order prohibiting Defendants and Relief Defendants, their agents, servants, employees, assigns, attorneys, and persons in active concert or participation with Defendants and Relief Defendants, including any successor thereof, from destroying records and/or denying Commission representatives access to inspect and copy records to ensure that Commission representatives have immediate and complete access to those books records.

7. Good cause exists for the appointment of a Receiver to take control of all assets owned, controlled, managed or held by, on behalf of, or for the benefit of Defendants ("Defendants' Assets") and Relief Defendants ("Relief Defendants' Assets") in order to preserve assets, investigate and determine customer claims, determine unlawful proceeds retained by Defendants and Relief Defendants and amounts due to customers as a result of Defendants alleged violations, and distribute remaining funds under the Court's supervision.

8. Good cause exists to require an accounting to determine the location and disposition of CSF LLC customer funds.

9. Good cause exists to order repatriation of assets controlled by Defendants to assure payment of restitution and disgorgement as authorized and for the benefit of customers.

10. Good cause exists for the plaintiff to conduct expedited discovery in order to determine the full extent of Defendants' alleged wrongdoing, locate Defendants and other customers, identify customers' funds and other of Defendants' Assets, and clarify the source of various funds.

11. Weighing the equities and considering the Commission's likelihood of success in its claims for relief, the issuance of a preliminary injunction is in the public interest.

**DEFINITIONS**

For purposes of this Order, the following definitions apply:

12. The term "document" is synonymous in meaning and equal in scope to the usage of the term in Federal Rule of Civil Procedure (FRCP) 34(a), and includes, but is not limited to, writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, and other data compilations from which information can be obtained and translated, if necessary, through detection devices into reasonably usable form. A draft or non-identical copy is a separate document within the meaning of the term.

13. "Assets" mean any legal or equitable interest in, right to, or claim to, any real or personal property, whether individually or jointly, direct or indirect control, and wherever located, including, but not limited to: chattels, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, mail or other deliveries, inventory, checks, notes, accounts (including, but not limited to, bank accounts and accounts at financial institutions), credits, receivables, lines of credit, contracts including spot and futures or options contracts, insurance policies, and all cash, wherever located.

14. "Defendants" shall mean and refer to CSF and S. Mescall and also to any d/b/a, successor, affiliate, subsidiary or other entity owned, controlled, managed or held by, on behalf of, or for the benefit of CSF and/or S. Mescall.

15. "Relief Defendants" shall mean and refer to G. Mescall and Gain and also to any d/b/a, successor, affiliate, subsidiary or other entity owned, controlled, managed or held by, on behalf of, or for the benefit of Gain or G. Mescall.

## RELIEF GRANTED

### I. Order Against Transfer, Dissipation, and Disposal of Assets

**IT IS HEREBY ORDERED** that:

16. Defendants, Relief Defendants, and their agents, servants, employees, assigns, attorneys, and persons in active concert or participation with them, including any successor thereof, and persons in active concert or participation with them, who receive actual notice of this Order by personal service or otherwise, are immediately restrained and enjoined from directly or indirectly transferring, selling, alienating, liquidating, encumbering, pledging, leasing, loaning, assigning, concealing, dissipating, converting, withdrawing, or otherwise disposing of any of Defendants' Assets or Relief Defendants' Assets, wherever located, including Defendants' Assets and Relief Defendants' Assets held outside the United States, except as provided in Section III of this Order, or as otherwise ordered by the Court. The Assets affected by this paragraph shall include both existing Assets and Assets acquired after the effective date of this Order.

17. Defendants and Relief Defendants are restrained and enjoined from directly or indirectly opening or causing to be opened any safe deposit boxes titled in the name of, or subject to, access by Defendants or Relief Defendants.

### II. Accounting and Transfer of Funds and Documents

**IT IS FURTHER ORDERED** that within five (5) business days following the service of this Order, Defendants and Relief Defendants shall:

18. Provide the Commission and the Receiver with a full accounting of all Defendants' Assets, inside and outside of the United States, from January 1, 2006 to the date of this Order;

19. Transfer to the territory of the United States, to the possession, custody, and control of the Receiver, all of Defendants' Assets and Relief Defendants' Assets (other than real property) located outside the United States; and

20. Provide the Commission and Receiver access to all records of Defendants and Relief Defendants held by financial institutions located within or outside the territorial United States by signing the Consent to Release of Financial Records attached to this Order.

### III. Directives to Financial Institutions and Others

**IT IS FURTHER ORDERED** that any financial or brokerage institution, business entity, or person that holds or has held, controls or has controlled, or maintains or has maintained custody of any of Defendants' Assets or Relief Defendants' Assets at any time since January 1, 2006, shall:

21. Prohibit Defendants, Relief Defendants, and all other persons from withdrawing, removing, assigning, transferring, pledging, encumbering, disbursing, dissipating, converting, selling, or otherwise disposing of Defendants' Assets or Relief Defendants' Assets, except as directed by further Order of the Court;

22. Deny Defendants, Relief Defendants, and all other persons access to any safe deposit box that is: (a) owned, controlled, managed, or held by, on behalf of, or for the benefit of Defendants or Relief Defendants, either individually or jointly; or (b) otherwise subject to access by Defendants or Relief Defendants;

23. Provide counsel for the Commission and Receiver, within five (5) business days of receiving a copy of this Order, a statement setting forth: (a) the identification number of each and every account or other asset owned, controlled, managed, or held by, on behalf of, or for the benefit of Defendants or Relief Defendants, either individually or jointly; (b) the balance of each

such account, or a description of the nature and value of such asset as of the close of business on the day on which this Order is served, and, if the account or other asset has been closed or removed, the date closed or removed, the total funds removed in order to close the account, and the name of the person or entity to whom such account or other asset was remitted; and (c) the identification of any safe deposit box that is owned controlled, managed, or held by, on behalf of, or for the benefit of Defendants or Relief Defendants, either individually or jointly, or is otherwise subject to access by Defendants or Relief Defendants; and

24. Upon request by the Commission or the Receiver, promptly provide the Commission and the Receiver with copies of all records or other documentation pertaining to such account or asset, including, but not limited to, originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, all other debit and credit instruments or slips, currency transaction reports, Internal Revenue Service Form 1099s, and safe deposit box logs.

### IV. Maintenance of Business Records

**IT IS FURTHER ORDERED** that:

25. Defendants, Relief Defendants, and their agents, servants, employees, assigns, attorneys, and persons in active concert or participation with Defendants or Relief Defendants, including any successor thereof, and all other persons or entities who receive notice of this Order by personal service or otherwise, are immediately restrained and enjoined from directly or indirectly destroying, mutilating, erasing, altering, concealing or disposing of, in any manner, directly or indirectly, any documents that relate to the business practices or business or personal finances of Defendants or Relief Defendants and their subsidiaries or affiliates.

## V. Inspection and Copying of Books and Records

**IT IS FURTHER ORDERED** that:

26. Representatives of the Commission and the Receiver shall immediately be allowed to inspect the books, records, and other documents of Defendants, Relief Defendants, and their agents, including, but not limited to, electronically stored information, tape recordings, and computer discs, wherever they may be situated and whether they are in the person of Defendants, Relief Defendants, or others, and to copy said documents, information and records, either on or off Defendants' or Relief Defendants' premises; and

27. Defendants, Relief Defendants, and their agents, servants, employees, assigns, attorneys, and persons in active concert or participation with Defendants or Relief Defendants, including any successor thereof, who receive actual notice of this Order by personal service or otherwise, including facsimile or other electronic transmission, shall cooperate fully with the Commission and/or the Receiver to locate and provide to representatives of the Commission and/or the Receiver all books and records of Defendants and Relief Defendants, wherever such books and records may be situated, and to locate and provide to representatives of the Commission and/or the Receiver information regarding the whereabouts of Defendants and Relief Defendants.

## VI. Order Appointing Receiver

**IT IS FURTHER ORDERED** that:

28. Joseph W. Grier, III, Grier Furr & Crisp, 101 North Tryon Street, Suite 1240, Charlotte, NC 28246, is appointed temporary Receiver for the Defendants' and Relief Defendants' assets and the assets of any affiliates or subsidiaries of any Defendant or Relief

Defendant, with the full powers of an equity receiver. The Receiver shall be the agent of this Court in acting as Receiver under this Order;

29. The Receiver is directed and authorized to accomplish the following:

   a. Assume full control of the corporate Defendants and Relief Defendants and any business entities owned by any Defendant or Relief Defendant, by removing any officer, independent contractor, employee, or agent of a corporate defendant, from control and management of the affairs of the corporate defendant and any business entities owned by any Defendant or Relief Defendant;

   b. Take exclusive custody, control, and possession of all the funds, property, mail and other assets of, in the possession of, or under the control of the Defendants or Relief Defendants, wherever situated. The Receiver shall have full power to sue for, collect, receive and take possession of all goods, chattels, rights, credits, moneys, effects, land, leases, books, records, work papers, and records of accounts, including computer-maintained information, and other papers and documents of the Defendants and Relief Defendants, including documents related to customers or clients whose interest are now held by or under the direction, possession, custody or control of the Defendants or Relief Defendants;

   c. Take all steps necessary to secure the residential and business premises of the Defendants and Relief Defendants;

   d. Preserve, hold and manage all receivership assets, and perform all acts necessary to preserve the value of those assets, in order to prevent any

loss, damage or injury to Defendants' or Relief Defendants' customers or clients;

e. Prevent the withdrawal or misapplication of funds entrusted to the Defendants, or Relief Defendants, and otherwise protect the interests of customers, clients, pool participants or investors;

f. Manage and administer the assets of the Defendants and Relief Defendants by performing all acts incidental thereto that the Receiver deems appropriate, including hiring or dismissing any and all personnel or suspending operations;

g. Collect all money owed to the Defendants and Relief Defendants;

h. Initiate, defend, compromise, adjust, intervene in, dispose of, or become a party to any actions or proceedings in state, federal or foreign court necessary to preserve or increase the assets of the Defendants or Relief Defendants or to carry out his or her duties pursuant to this Order;

i. Choose, engage and employ attorneys, accountants, appraisers, and other independent contractors and technical specialists, as the Receiver deems advisable or necessary in the performance of duties and responsibilities under the authority granted by this Order;

j. Issue subpoenas to obtain documents and records pertaining to the receivership, and conduct discovery in this action on behalf of the receivership estate;

k. Open one or more bank accounts as designated depositories for funds of the Defendants and Relief Defendants. The Receiver shall deposit all funds of

the Defendants and Relief Defendants in such designated accounts and shall make all payments and disbursements from the receivership estate from such accounts; and

l. Make payments and disbursements from the receivership estate that are necessary or advisable for carrying out the directions of, or exercising the authority granted by, this Order. The Receiver shall apply to the Court for prior approval of any payment of any debt or obligation incurred by the Defendants or Relief Defendant prior to the date of entry of this Order, except for payments that the Receiver deems necessary or advisable to secure assets of the Defendants or Relief Defendants.

30. Immediately upon service of this Order upon them, the Defendants, Relief Defendants and any other person or entity served with a copy of this Order, shall immediately or within such time as permitted by the Receiver in writing, deliver over to the Receiver:

a. Possession and custody of all funds, property, and other assets, owned beneficially or otherwise, wherever situated, of the Defendants and Relief Defendants;

b. Possession and custody of documents of the Defendants and Relief Defendants, including but not limited to, all books and records of accounts, all financial and accounting records, balance sheets, income statements, bank records (including monthly statements, canceled checks, records of wire transfers, and check registers), client lists, title documents and other papers;

c. Possession and custody of all precious metals, other commodities, funds, and other assets being held by or on behalf of the Defendants or Relief Defendants or on behalf of the Defendants' customers, clients, pool participants or investors;

d. All keys, computer passwords, entry codes, and combinations to locks necessary to gain or to secure access to any of the assets or documents of the Defendants or Relief Defendants, including but not limited to, access to the Defendants' and Relief Defendants' residential and business premises, means of communication, accounts, computer systems, or other property; and

e. Information identifying the accounts, employees, properties or other assets or obligations of the Defendants or Relief Defendants.

31. The Defendants, Relief Defendants and all other persons or entities served with a copy of this order shall cooperate fully with and assist the Receiver. This cooperation and assistance shall include, but not be limited to, providing any information to the Receiver that the Receiver deems necessary to exercising the authority; providing any password required to access any computer or electronic files in any medium; and discharging the responsibilities of the Receiver under this Order, and advising all persons who owe money to the Defendants or Relief Defendants that all debts should be paid directly to the Receiver.

32. Except by leave of the Court, during the pendency of the receivership ordered herein, the Defendants, Relief Defendants and all other persons and entities seeking relief of any kind from Defendants' Assets and Relief Defendants' Assets (other than the present action by the Commission), including, but not limited, to customers, clients, pool participants, investors,

members, partners, trust beneficiaries, note holders, creditors, claimants, lessors, in law or in equity, and all persons acting on behalf of any such customer, client, pool participant, investor, member, partner, trust beneficiary, note holder, creditor, claimant, lessor, or other person, including sheriffs, marshals, and all offices and deputies, and their respective attorneys, servants, agents and employees, are, until further orders of this Court, be and hereby are restrained, enjoined and stayed from doing anything, directly or indirectly, to interfere with the Receiver's performance of his duties and the administration of Defendants' Assets and Relief Defendants' Assets. Accordingly, all such persons are enjoined and stayed from taking any action to establish or enforce any claim, right or interest for, against, on behalf of, in, or in the name of, the Defendants or Relief Defendants, the Receiver, receivership assets, or the Receiver's duly authorized agents acting in their capacities as such, including but not limited to, the following actions:

    a.    Commencing, prosecuting, litigating or enforcing any suit, except that actions may be filed to toll any applicable statute of limitations;

    b.    Accelerating the due date of any obligation or claimed obligation, enforcing any lien upon, or taking or attempting to take possession of, or retaining possession of, property of the Defendants or Relief Defendants or any property claimed by the Defendants or Relief Defendants, or attempting to foreclose, forfeit, alter or terminate any of the Defendants' or Relief Defendants' interests in property, whether such acts are part of a judicial proceeding or otherwise;

    c.    Using self-help or executing or issuing, or causing the execution or issuance of any court attachment, subpoena, replevin, execution or other

process for the purpose of impounding or taking possession of or interfering with, or creating or enforcing a lien upon any property, wherever located, owned by or in the possession of the Defendants or Relief Defendants, or the Receiver, or any agent of the Receiver; and

d. Doing any act or thing to interfere with the Receiver taking control, possession or management of the property subject to the receivership, or to in any way interfere with the Receiver or the duties of the Receiver; or to interfere with the exclusive jurisdiction of this Court over the property and assets of the Defendants or Relief Defendants.

This paragraph does not stay the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power.

33. Within 60 days of the date of this Order, the Receiver shall file with this Court and serve Plaintiff Commission a report outlining the steps taken to identify customers, marshal assets, determine the amount invested by each customer, and the portion of assets available to pay back customers. This report shall also include a statement as to the estimated time it will take to distribute available assets to customers and wind up the receivership.

34. The Receiver and all personnel hired by the Receiver as herein authorized, including counsel to the Receiver, are entitled to reasonable compensation for the performance of duties pursuant to this Order and for the cost of actual out-of-pocket expenses incurred by them, from the assets now held by, or in the possession or control of, or which may be received by the Defendants or Relief Defendants. The Receiver shall file with the Court and serve on the parties, including Plaintiff Commission, periodic requests for the payment of such reasonable compensation, with the first such request filed no more than sixty (60) days after the date of this

Order. Plaintiff Commission may object to any part of a request within 30 calendar days of service of a request. The Receiver shall not increase the hourly rates used as the bases for such fee applications without prior approval of the Court.

**VII. Order Granting Expedited Discovery**

**IT IS FURTHER ORDERED** that:

35. The Commission and Receiver may conduct expedited discovery, removing the prohibition upon discovery before the early meeting of counsel pursuant to FRCP 26(f), in accordance with FRCP 26(d), and that the Commission and Receiver may take depositions of Defendants, Relief Defendants, and non-parties subject to two calendar days notice pursuant to FRCP 30(a) and 45, that notice may be given personally, by facsimile or by electronic mail. Further, more than ten depositions may be taken and, if necessary, any deposition may last more than seven hours.

36. The Commission and Receiver may conduct expedited discovery to enable the Commission to fulfill its statutory duties and protect investors from further loss or damage. This expedited discovery will allow the Commission and Receiver to determine the full extent of Defendant's alleged wrongdoing (including, but not limited to, the possible involvement of others), locate Defendants' other customers, identify customers' funds, and other of Defendants' Assets and Relief Defendants' Assets, and clarify the sources of various funds.

**VIII. Prohibition from Violations of the Act**

**IT IS FURTHER ORDERED** that:

37. Defendants CSF and S. Mescall, all persons insofar as they are acting in the capacity of agents, servants, employees, successors, assigns, or attorneys of defendants, and all persons insofar as they are acting in active concert or participation with defendants who receive

actual notice of this Order by personal service or otherwise, shall be prohibited and restrained from directly or indirectly:

    a.    in or in connection with any order to make, or the making of, any contract of sale of any commodity for future delivery, or other agreement, contract, or transaction subject to paragraphs (1) and (2) of section 5a(g) of the Act, that is made, or to be made, for or on behalf of, or with, any other person, other than on or subject to the rules of a designated contract market–

        (1)    cheating or defrauding or attempting to cheat or defraud the other person;

        (2)    willfully making or causing to be made to the other person any false report or statement or willfully entering or causing to be entered for the other person any false record; [or]

        (3)    willfully deceiving or attempting to deceive the other person by any means whatsoever in regard to any order or contract or the disposition or execution of any order or contract, or in regard to any act of agency performed, with respect to any order or contact for or, in the case of paragraph (2), with the other person.

in violation of Section 4b(a)(2)(A)-(C) of the Act, as amended by the CRA, to be codified at § 6b(a)(2)(A)-(C), which applies to defendants' foreign currency (forex) transactions "as if" they were a contract of sale of a commodity for future delivery. Section 2(c)(2)(C)(iv) of the Act, as amended by the CRA, to be codified at 7 U.S.C. § 2(c)(2)(C)(iv).

## IX. Bond Not Required of Plaintiff

**IT IS FURTHER ORDERED** that:

38. The COMMISSION is an agency of the United States of America and need not post a bond.

## X. Service

**IT IS FURTHER ORDERED** that:

39. This Order shall be served by any means, including facsimile transmission, upon any entity or person that may have possession, custody, or control of any documents or assets of Defendants or Relief Defendants, or that may be subject to any provision of the preliminary injunction; and

40. The Summons, Complaint, or other process may be effected by any CFTC representative, the Receiver or any of his representatives, any U.S. Marshal or deputy U.S. Marshal, or in accordance with Fed R. Civ. P. 4.

## XI. Force and Effect

**IT IS FURTHER ORDERED** that this Order shall remain in full force and effect until further order of this Court and that this Court retains jurisdiction of this matter for all purposes.

**SO ORDERED.**

Signed: September 16, 2009

Robert J. Conrad, Jr.
Chief United States District Judge