| | |
|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>CAPITALSTREET FINANCIAL, LLC, )<br>and SEAN F. MESCALL, )<br>)<br>Defendant. )<br>)<br>and )<br>)<br>GERALD T. MESCALL, )<br>and GAINCAPITAL, INC., )<br>)<br>Relief Defendants. ) | **ORDER** |

**THIS MATTER** comes before the Court on Plaintiff U.S. Commodity Futures Trading Commission's ("CFTC") Renewed Motion To Appoint the National Futures Association as Post-Judgment Monitor, (Doc. No. 88) (the "Renewed Motion").

The CFTC filed the Renewed Motion in response to the Court's Finding of Fact, Conclusions of Law and Order of Final Judgment, Permanent Injunction, Civil Penalties and Other Equitable Relief, (Doc. No. 87) (the "January 11 Order"). The January 11 Order denied without prejudice the CFTC's original request to appoint the National Futures Association (the "NFA") as post-judgment Monitor ("Monitor"), (Doc. No. 87). The NFA is an independent self-regulatory organization that regulates firms and individuals engaged in futures trading with public customers as well as performs the registration functions of the CFTC, (Doc. No. 87 at 29). The Court denied the CFTC's original request because the CFTC failed to: (1) provide the Court

with any authority showing the Court's power to appoint the NFA as Monitor, (Doc. No. 87 at 25-26), and (2) show the Court any evidence of the NFA's consent to serving as Monitor in the above captioned case, (Doc. No. 87 at 25-26).

The CFTC's Renewed Motion cites the Court's general equitable powers as authority for the Court to appoint the NFA as Monitor. See Hecht Co. v. Bowles, 321 U.S. 321, 329 (1944); FTC v. Sw. Sunsites, Inc., 665 F.2d 711, 718 (5th Cir. 1982); Handler v. SEC, 610 F.2d 656, 659 (9th Cir. 1979). The Court's own research shows that courts in this circuit regularly appoint the NFA as Monitor in CFTC enforcement litigation. See CFTC v. Integra Capital Mgmt., No. 10-CV-00737, 2011 WL 6130543, at *8 (M.D.N.C. Oct. 13, 2011); CFTC v. Cocoon Trade, Inc., No. DKC 2008-0789, 2009 WL 1911951, at *2 (D. Md. May 6, 2009); CFTC v. Rothlin & Windsor Captial Mgmt., No. Civ. AMD-01-CV-2320, 2002 WL 31962626, at *3 (D. Md. Dec. 17, 2002).

In addition, the CFTC's Renewed Motion includes an affidavit of the NFA's Executive Vice President and Chief Operating Officer Daniel A. Driscoll, (Doc. No. 88-2 at 1-3), attesting to the NFA's consent to serve as Monitor in the above captioned case. Lastly, the CFTC presents evidence of the NFA's history and expertise in serving as Monitor in CFTC enforcement litigations, (Doc. No. 88-1 at 3-4). The CFTC notes that the NFA has served as Monitor for the CFTC in enforcement litigation since at least the 1990s, (Doc. No. 88-1 at 3) and that the NFA is serving as Monitor in 188 current cases of CFTC enforcement litigation, (Doc. No. 88-1 at 3).

For the reasons stated above, the Court finds good cause to **GRANT** the motion.

**IT IS, THEREFORE, ORDERED** that:

1. The NFA is appointed Monitor in the above-captioned action to administer the

restitution and disgorgement payments that Defendants and Relief Defendants are obligated to make pursuant to paragraphs 2 and 3 (on pp. 28-29) of the January 11 Order, (Doc. No. 87). The Monitor shall collect restitution payments from Defendants and disgorgement payments from Relief Defendants and make distributions of these funds to Defendants' customers identified in Exhibit 1-C (Doc. No. 84-2) to Plaintiff's Memorandum in Support of Plaintiff's Motion for Default Judgment, Permanent Injunction, Civil Penalties and Other Equitable Relief, (Doc. No. 84-1) ("Memorandum");

2. Defendants and Relief Defendants shall make restitution and disgorgement payments under the January 11 Order in the name of the "Capitalstreet Settlement Fund" and shall send such payments by electronic funds transfer, or U.S. postal money order, certified check, bank cashier's check, or bank money order to the Office of Administration, National Futures Association, 300 South Riverside Plaza, Suite 1800, Chicago, Illinois 60606, under cover letter that identifies Defendant or Relief Defendant and the name and docket number of this civil action. The paying Defendant or Relief Defendant shall simultaneously transmit copies of the cover letter and the form of payment to: (a) Director, Division of Enforcement, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, N.W., Washington, D.C. 20581; and (b) Chief, Office of Cooperative Enforcement, at the same address;

3. The Monitor shall oversee Defendants' Restitution Obligation and Relief Defendants' Disgorgement Obligations, and shall have the discretion to determine the manner and timing of distribution of funds to Defendants' customers. The Monitor shall distribute funds to the persons and entities identified in Exhibit 1-C of the Memorandum, (Doc. No. 84-1), on a pro rata basis, or in another appropriate equitable manner. Further, the Monitor may, in its discretion, defer distribution until such time as it may deem appropriate. In the event the amount of restitution

payments and/or disgorgement payments to the Monitor are of a *de minimus* nature such that the Monitor determines that the cost of making a distribution to customers is impractical, the Monitor may, in its discretion, treat such restitution and/or disgorgement payments as civil monetary penalty payments, which the Monitor shall forward to the CFTC following the instructions for civil monetary penalties as set forth in paragraphs 4, 5 and 6 (pp. 29-30) of the January 11 Order (Doc. No. 87);

4. Defendants and Relief Defendants shall execute any documents necessary to release funds that they have in any repository, bank, investment or other financial institution wherever located, in order to make partial or total payment toward their respective Restitution Obligation and Disgorgement Obligations;

5. To the extent that funds accrue to the U.S. Treasury as a result of the Restitution Obligation and/or Disgorgement Obligations, such funds shall be transferred to the Monitor for disbursement in accordance with the procedures set forth in paragraphs 2 and 3 of this Order;

6. Any acceptance by the CFTC or the Monitor of partial payment from Defendants of their Restitution Obligation and/or CMP Obligation or from Relief Defendants of their Disgorgement Obligations shall not be deemed a waiver of Defendants' and/or Relief Defendants' obligations to make further payments pursuant to the January 11 Order, (Doc. No. 87), or a waiver of the CFTC's and/or Monitor's right to seek to compel payment from Defendants and/or Relief Defendants of any remaining balance;

7. Because the Monitor is not being specially compensated for these services, it shall not be liable for any action or inaction arising from its appointment and service as Monitor, other than actions involving fraud;

8. This Order supersedes paragraphs 7 through 12 (pp. 30-32) of the January 11 Order,

(Doc. No. 87). The instant Order has no effect on the remainder of the January 11 Order, (Doc. No. 87).

Signed: May 24, 2012

Robert J. Conrad, Jr.
Chief United States District Judge